REYNALDO G. GARZA, Circuit Judge:
Tony Leroy Anderson appeals his sentence of forty-six months after pleading guilty to one count of bank robbery. We vacate his sentence and remand for resentencing because we find that the district judge should have recused himself prior to sentencing.

I. Factual Background

On July 11, 1997, Tony Leroy Anderson, pled guilty to one count of bank robbery *233 before the Honorable John McBryde, United States District Judge for the Northern District of Texas.
During the week of August 25, 1997, Anderson’s trial counsel, First Assistant Public Defender Paul D. Striekney, was subpoenaed as a witness, and testified against Judge McBryde in proceedings before a special investigatory committee of the Fifth Circuit Judicial Council. On October 9, 1997, one day prior to sentencing, Anderson moved for recusal of Judge McBryde and reassignment of the case to another district judge. Judge McBryde denied the recusal motion on the ground that these facts did not create an appearance of bias or prejudice against Anderson or his counsel.
Neither the government or Anderson objected to the presentence report (PSR), and the district court adopted the PSR’s factual findings and conclusions. The PSR noted that the maximum punishment was 20 years and calculated the guideline range to be 37 to 46 months. On October 10, 1997, Anderson was sentenced by Judge McBryde to 46 months imprisonment, followed by three years of supervised release. Anderson then timely appealed to this Court.

II. Discussion

Anderson does not challenge his conviction. His appeal requests that his sentence be vacated and that the ease be remanded for resentencing before a different district court judge. Anderson contends that Judge McBryde abused his discretion and reversibly erred by refusing to recuse himself from Anderson’s ease after Anderson’s attorney testified against Judge McBryde in the Fifth Circuit Judicial Council proceedings. Anderson asserts that a reasonable person would harbor doubts about Judge McBryde’s ability to remain impartial in a ease involving an attorney who had testified adversely to Judge McBryde in Judicial Council proceedings that could lead to him being reprimanded or even sanctioned. We find Anderson’s contentions valid.
Title 28 U.S.C. § 455(a) provides that a federal judge shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned. A motion for recusal is within the discretion of the district judge and the denial of such a motion will not be reversed on appeal unless the judge has abused his discretion. Garcia v. Woman’s Hosp. of Texas, 143 F.3d 227, 230 (5th Cir.1998).
This Circuit has recognized that each section 455(a) case is extremely fact intensive and fact bound, and must be judged on its unique facts and circumstances rather than by comparison to similar situations considered in prior jurisprudence. United States v. Jordan, 49 F.3d 152, 157 (5th Cir.1995). The party seeking recusal must demonstrate that, if a reasonable person knew of all of the circumstances, they would harbor doubts about the judge’s impartiality. Travelers Ins. Co. v. Liljeberg Enterprises, Inc., 38 F.3d 1404, 1408 (5th Cir.1994). Thus, if a judge concludes that his impartiality might be reasonably questioned, then he should find that the statute requires his recusal. In re Faulkner, 856 F.2d 716, 721 (5th Cir.1988) (citing Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)). The goal of section 455(a) is to avoid even the appearance of partiality. Liljeberg, 486 U.S. at 860. In light of the specific facts of this case we hold that the Judge McBryde abused his discretion and reversibly erred in failing to recuse himself from Anderson’s case. It is clear that a reasonable person, when appraised of the relevant circumstances that surround this case, would harbor doubts about Judge McBryde’s impartiality. The average person when viewing this specific situation, would question Judge McBryde’s ability to be impartial in a case involving an attorney who has testified adversely against Judge McBryde in a Judicial Council proceeding. As Anderson notes many attorneys are fearful of even filing a complaint against a judge to a circuit judicial council, due to fear of retaliation from that complained-against judge. If there is a fear in merely filing a complaint against a judge, it is evident that a greater fear arises from actually testifying against a judge, who is present at that hearing. It is difficult under these circumstances to argue that a reasonable person would not harbor any doubt about Judge McBryde’s *234 impartiality. This Court recognizes that it is essential to avoid even the appearance of impropriety because it is as important in developing the public confidence in our judicial system as avoiding the impropriety itself. Jordan, 49 F.3d at 155-56.
On February 9, 1998, the Fifth Circuit Judicial Council issued an order making ex-ecutory that portion of a Judicial Council Order of December 31, 1997 ordering Judge McBryde not to participate in cases involving attorneys who have testified against him for a period of three years. Although not dis-positive, this demonstrates that a group of Judge McBryde’s own colleagues have concluded that there is reasonable doubt of Judge McBryde’s ability to be impartial arising from an attorney’s testifying against him.
Section 455 also obligates a party to raise the disqualification argument at a reasonable time in the litigation. Hollywood Fantasy Corp. v. Gabor, 151 F.3d 203, 216-17 (5th Cir.1998). Moreover, the party seeking the “disqualification must do so at the earliest moment after knowledge of the facts demonstrating the basis of such disqualification.” Travelers Ins. Co., 38 F.3d at 1410. In addition, “when a party seeking recusal knows or should know the facts on which recusal is based he must make a timely motion to disqualify or lose his right to do so.” Health Services Acquisition Corp. v. Liljeberg, 796 F.2d 796, 802 (5th Cir.1986) aff'd, 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988).
This Court finds that Anderson’s motion for recusal was timely. Anderson pled guilty to bank robbery and only challenges the sentence imposed by Judge McBryde. Anderson made his motion for recusal one day prior to sentencing, but had known of his attorney’s testimony against Judge McBryde for over six weeks. Although Anderson knew of the basis for the recusal for a considerable time, this Court finds that Anderson raised Judge McBryde’s disqualification at a reasonable time. It is clear that Anderson did not wait to see what sentence Judge McBryde would impose, and then, when that sentence was unfavorable, move for recusal. Rather, Anderson raised the ground for recusal before any sentence was imposed. There was no litigation concerning Anderson’s guilt, all that remained to be determined was the duration of his sentence. Therefore, because Anderson filed his motion to recuse prior to sentencing, we find that the motion is timely in challenging his sentence.
This Court also holds that Anderson’s re-cusal motion is reasonably specific, because under the Fifth Circuit Rules Governing Complaints of Judicial Misconduct or Disability, Anderson’s attorney was prohibited from discussing the content of the testimony given at the proceedings. Moreover, Judge McBryde was either present at the proceedings or had access to a transcript of Anderson’s attorney’s testimony. Thus, Judge McBryde was fully aware of the particular grounds provided as requiring recu-sal.
Accordingly, Anderson’s SENTENCE is VACATED and his case REMANDED for reassignment to a different judge for proceedings consistent with this opinion.