IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20914
Summary Calendar
_____


FENWICK DOUGLAS;
DELOIS DOUGLAS,

                                    Plaintiffs-Appellants,

versus

DEPARTMENT OF VETERANS
AFFAIRS; VETERANS AFFAIRS
MEDICAL CENTER HOSPITAL;
UNITED STATES OF AMERICA,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-553
--------------------
September 29, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Fenwick and Delois Douglas appeal the magistrate judge's grant
of summary judgment to the defendants in this Federal Tort Claims
Act (FTCA) case.  The Douglases' motions to unseal the record and
for extension of time to file a reply brief are DENIED.

     The Douglases argue that the magistrate judge erred in
granting the defendants' motion for summary judgment.  The
magistrate judge did not so err.  Our de novo review of the record

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

indicates that there was no evidence to show that the defendants caused Mr. Douglas' alleged injury. See Duckett v. City of Cedar Park, Tex., 950 F.2d 272, 276 (5th Cir. 1992). The Douglases thus failed to prove causation, which is an element of a medical malpractice claim. See Ayers v. United States, 750 F.2d 449, 452 n.1 (5th Cir. 1985); Urbach v. United States, 869 F.2d 829, 831 (5th Cir. 1989).

The Douglases argue that the magistrate judge erred in not appointing counsel to represent them. However, there is no indication that they requested or would have been eligible to receive appointed counsel. The magistrate judge thus did not err in not appointing counsel. The Douglases also contend that the magistrate judge erred in scheduling a bench trial. This argument is unavailing. There is no right to a jury trial on an FTCA claim that does not involve certain tax issues. 28 U.S.C. § 2402.

The Douglases' final contention is that the magistrate judge was biased against them and should have granted their motion to recuse. The magistrate judge's rulings against the Douglases would not lead a reasonable person to doubt her neutrality. See United States v. Anderson, 160 F.3d 231, 233 (5th Cir. 1998). Accordingly, the magistrate judge did not abuse her discretion in refusing to recuse herself. The judgment of the magistrate judge is AFFIRMED.