United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 19, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-41608
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIM C. WILLIAMS,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CR-105-1
---------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Tim C. Williams appeals from his judgment of conviction and sentence and final order of criminal forfeiture following his guilty plea to conspiracy to launder money and conspiracy to possess with intent to distribute more than five kilograms of cocaine. 18 U.S.C. § 1956(a)(1)(A)(i) and (h); 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. We affirm.

Williams argues that Peña violated his duty of loyalty to him by testifying against him before the grand jury and at his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing hearing; Williams also contends that the Government improperly exploited Peña's "conflict" by calling Peña as a witness. Williams has not demonstrated that his former counsel, Albert Peña, had an actual conflict of interest arising from Peña's representation of multiple clients with conflicting interests. See Cuyler v. Sullivan, 446 U.S. 335, 349-50 (1980). Further, because Peña's testimony did not involve communications protected by the attorney-client privilege, Williams's arguments lack merit. See United States v. Edwards, 303 F.3d 606, 618 (5th Cir. 2002) ("Under the crime-fraud exception to the attorney-client privilege, the privilege can be overcome where communication or work product is intended to further continuing or future criminal or fraudulent activity.") (internal quotations and citation omitted), cert. denied, 537 U.S. 1192 (2003).

Williams's written plea agreement, in which he agreed, inter alia, to the forfeiture of one million dollars, supports the district court's determination as to the amount of the monetary forfeiture. See FED. R. CRIM. P. 32.2 (b)(1). To the extent that Williams suggests, in a one-sentence footnote in his original appellate brief, that the Government breached the plea agreement, thereby relieving him of his own obligations in the agreement, Williams has not adequately briefed the issue in his initial brief on appeal and it is abandoned. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994); United States v. Brace, 145 F.3d 247, 255-56 (5th Cir. 1998)(en banc) (observing that this court

is not required to search the record to find a legal and factual basis for an issue that is inadequately briefed).

Williams's "Unopposed Motion to Supplement the Record with Government's Motion and District Court's Order Unsealing Sentencing Transcripts" is DENIED AS UNNECESSARY because the Government's motion and district court's order are now part of the record on appeal.

AFFIRMED; MOTION TO SUPPLEMENT THE RECORD DENIED AS UNNECESSARY.