United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40244
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIM C. WILLIAMS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(C-02-CR-105-1)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Tim C. Williams appealed his conviction, sentence, and final order of criminal forfeiture imposed after he pleaded guilty to conspiracy to launder money and conspiracy to possess with intent to distribute more than five kilograms of cocaine. Following our limited remand for the district court to address Williams's motion for reconsideration, we affirmed. United States v. Williams, No. 02-41608, 2004 WL 830779 (5th Cir. Apr. 19, 2004) (unpublished). While the case was on limited remand in the district court, Williams filed a motion to recuse the district

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court judge, which motion was denied. Williams's appeal from the denial of the recusal motion was docketed in this court as a separate appeal from his appeal of his conviction and sentence. Assuming the denial of the recusal motion is properly before us, we perceive no abuse of discretion in the district court's denial of that motion.

Williams argues that comments made by the district judge during a sentencing hearing in a related criminal proceeding demonstrated personal bias or prejudice toward Williams. He also argues that recusal was warranted because the district court unsealed his sentencing transcript for purposes of a state forfeiture proceeding without giving him an opportunity to respond to the motion to unseal and without requiring the government to comply with a local rule.

We review a district court's denial of a 28 U.S.C. § 455(a) motion for recusal for abuse of discretion. <u>United States v. Jordan</u>, 49 F.3d 152, 156 (5th Cir. 1995). Recusal should occur if a reasonable person with knowledge of all the circumstances would harbor doubts about the judge's impartiality. <u>United States v. Anderson</u>, 160 F.3d 231, 233 (5th Cir. 1998). The general rule is that, to be disqualifying, bias or prejudice must stem from an "extrajudicial source." <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994).

As our review of the entire context of the judicial proceedings in which the events challenged in this case arose

2

reveals no disqualifying judicial bias, we conclude that there was no abuse of discretion in the district court's denial of Williams's recusal motion. See Andrade v. Chojnacki, 338 F.3d 448, 454-55 (5th Cir. 2003). Even if he had shown an abuse of discretion, any error would be harmless. See Patterson v. Mobil Oil Corp., 335 F.3d 476, 485 (5th Cir. 2003), cert. denied, 540 U.S. 1108 (2004).

AFFIRMED.