United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41501
Summary Calendar
_____

BILLY C. BLANTON,

Plaintiff-Appellant,

versus

DAVID STACKS, individually and in his official capacity; CHARLES
R. FRIZZELL, individually and in his official capacity; LARRY
SETTLES, individually and in his official capacity; UNIDENTIFIED
LATHAM, individually and in his official capacity; UNIDENTIFIED
AGUILERA, individually and in his official capacity,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:04-CV-151
--------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:*

　　Billy C. Blanton, Texas prisoner number 750531, filed the instant 42 U.S.C. § 1983 suit to seek redress for the defendant prison officials' alleged wrongdoing. Blanton appeals the district court's dismissal of his suit as frivolous and for failure to state a claim. Blanton also moves this court for the appointment of counsel. Blanton's motion for counsel is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Blanton argues that the district court erred in dismissing his claims that the defendants retaliated against him for exercising his right of access to courts and his right to file grievances. However, Blanton has not alleged a series of events from which a plausible retaliation claim could be gleaned, nor has he offered direct evidence of a retaliatory motive. See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995). Rather, his retaliation claims are based on his own personal beliefs and conclusional assertions, which are insufficient to raise a viable retaliation claim. See Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999); Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir. 1997); Woods, 60 F.3d at 1166. Blanton has not demonstrated that the district court erred in dismissing his retaliation claims.

Blanton also contends that the district court erred in dismissing his claims that the defendants were deliberately indifferent to his serious medical needs. This argument is likewise unavailing. Blanton has not established that the defendants purposefully ignored a serious illness or injury and that he suffered as a result of their actions or lack thereof. See Wilson v. Seiter, 501 U.S. 294, 297 (1991). Rather, his arguments in support of these claims amount to no more than allegations of negligence or malpractice, which are insufficient to raise a plausible claim of deliberate indifference. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Blanton

has not demonstrated that the district court erred in dismissing his deliberate-indifference claims.

Blanton's argument that the magistrate judge was biased against him is unavailing.  Blanton's allegations are insufficient to show that a reasonable person who was aware of all the circumstances surrounding this case would harbor doubts concerning the magistrate judge's impartiality.  See United States v. Anderson, 160 F.3d 231, 233 (5th Cir. 1998).

Blanton has shown no error in the judgment of the district court.  Accordingly, that judgment is AFFIRMED.  The district court's dismissal of Blanton's suit and this court's affirmance of that dismissal count as a single strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Blanton is WARNED that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Moreover, he should review any pending appeals or district court actions to ensure that they are not frivolous.

MOTION DENIED; JUDGMENT AFFIRMED; SANCTION WARNING ISSUED.