# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2010

No. 09-60601
Summary Calendar

Charles R. Fulbruge III
Clerk

MELVIN D. HOLLIMON,

Plaintiff - Appellant

v.

JOHN E. POTTER, Postmaster General,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:07-CV-1282

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Melvin D. Hollimon appeals from a grant of summary judgment on his claims regarding his employment by the United States Postal Service. He also argues the district judge should have recused himself. We AFFIRM.

## FACTS AND PROCEDURAL HISTORY

Hollimon, an African-American male, began working as a window clerk at the Long Beach Post Office in Long Beach, Mississippi, in 1992. He was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60601

terminated and filed an Equal Employment Opportunity (EEO) complaint with the United States Postal Service (USPS) as late as 1997.[1]  He prevailed on the complaint and was reinstated to his position in 2002.

Due to his repeated absences and tardiness, Holliman was suspended in 2003 and again in 2004.  Holliman took approved leave under the Family Medical Leave Act (FMLA) from June 9, 2005, through December 31, 2005.  He was also approved for FMLA leave from July 26, 2006, through August 8, 2006. In 2006, the USPS issued Hollimon a notice of proposed removal because of Hollimon's repeated unexcused absences and tardiness.  Hollimon appealed the USPS's decision to terminate him.  The appeal was resolved when Holliman and the USPS entered into a Last Chance Agreement on April 13, 2006.

Under the agreement, Hollimon agreed to "maintain a satisfactory level of attendance and adhere to all Postal Service regulations, rules and policies pertaining to attendance and leave request procedures."  The USPS had the discretion to determine whether his attendance was satisfactory.  He acknowledged that failure to maintain satisfactory attendance would be a breach of the agreement and would result in a removal action.  The Postmaster of the Long Beach Post Office would have the exclusive discretion to determine whether his work performance was satisfactory.  Unsatisfactory performance would constitute a breach of the agreement and would result in a removal action. Finally, Hollimon waived his right to appeal or contest his removal for unsatisfactory attendance or work performance to the Merit Systems Protection Board, the Equal Employment Opportunity Commission, or the grievance/ arbitration procedure of the National Agreement.

---

[1] It is not clear when the first EEO complaint was filed.  The USPS indicates in its brief that the complaint was filed in 1993.  Hollimon testified in his deposition that his first complaint was filed in 1993, but stated in his district court complaint that the first EEO complaint was in 1997.  This inconsistency is immaterial to our analysis.

No. 09-60601

After entering into the Last Chance Agreement, Hollimon's absences and tardiness continued. An affidavit from his supervisor indicates fifteen instances of unexcused absence or tardiness between May 16 and October 14, 2006, none of which were during his FMLA leave. The supervisor also noted several instances of unsatisfactory work performance. The USPS informed Hollimon that he was being terminated pursuant to the Last Chance Agreement. His termination was effective on November 17, 2006.

On December 28, 2007, Hollimon filed suit against the USPS, alleging various claims under state law, 28 U.S.C. § 1981, the FMLA, and Title VII. Hollimon alleged that his termination was in retaliation for his EEO complaint and that it was otherwise unlawful because it was based on absences that were protected under the FMLA. Hollimon also alleged that his employer discriminated against him by denying him passport, bulk mail, box section, and computer training, while offering it to Caucasian employees, and also by requiring him to take formal FMLA leave while not requiring the same of Caucasian employees. The USPS moved for summary judgment, and the district court granted that motion.

Before the district court judge's ruling on the summary judgment motion, Hollimon sought to have the judge recuse himself. *See* 28 U.S.C. § 455. Hollimon argued that recusal was needed because Hollimon's attorney had also represented a former deputy clerk in a racial discrimination claim against the judge. The motion to recuse was denied. The judge rejected that any bias or the appearance of bias existed. Hollimon appealed.

## DISCUSSION

We review a grant of summary judgment *de novo*, applying the same standard as the district court. *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). Summary judgment is proper when there is no genuine issue of material

fact, viewing the evidence in the light most favorable to the nonmoving party. *Id.*; Fed. R. Civ. P. 56(c).

The district court correctly found that Hollimon's claims under state law and 42 U.S.C. § 1981 were preempted by Title VII and the Civil Service Reform Act. *Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir. 1992); *Rollins v. Marsh*, 937 F.2d 134, 138-40 (5th Cir. 1991).

The district court also was correct that Hollimon did not show retaliation under the FMLA. Employees who take FMLA leave are not to suffer retaliation for doing so. *Haley v. Alliance Compressor LLC*, 391 F.3d 644, 649 (5th Cir. 2004); 29 U.S.C. § 2615(a)(2). Hollimon's claim required that he first establish a *prima facie* case of retaliation. That consists of proof that a plaintiff was protected under the FMLA, suffered an adverse employment decision, and was either treated less favorably than other employees who did not take FMLA leave or an adverse decision was made because he took FMLA leave. *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 768 (5th Cir. 2001). If this initial burden is met, USPS must then articulate a legitimate reason for the employment action. *Id.* That done, the employee would then show that the suggested reason was actually a pretext for retaliation. *Id.*

The district court accepted that Hollimon established a *prima facie* case of retaliation. The district court then found that the USPS had articulated a legitimate, nondiscriminatory reason for the termination – Hollimon's absences and tardiness from work, his poor work performance, and his breach of the Last Chance Agreement. The district court concluded that Hollimon failed on the last step of the analysis, namely, showing by a preponderance of the evidence that the stated reason for the termination was a pretext.

Examining the summary judgment evidence *de novo,* we agree that Hollimon did not prove the USPS's reasons for terminating him were pretextual. By that, we mean the reasons were not false, "unworthy of credence," or

4

otherwise unpersuasive. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000).

Hollimon also alleged discrimination and retaliation under Title VII. With regard to the first discrimination claim, we agree with the district court that Hollimon has not met his *prima facie* burden under Title VII because he has not shown that he suffered an adverse employment action within the Act. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Hollimon alleges that Caucasian employees were given training that he was denied because of his race and were also allowed to take unscheduled leave. As the district court found, a refusal to train is not an adverse employment action under Title VII. *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 406-07 (5th Cir. 1999).

The district court also properly found that the only evidence that the termination was racially motivated was a conclusory affidavit from another employee. Such an affidavit is insufficient.

Hollimon's Title VII retaliation claim also fails. Even if we accept, as did the district court, that Hollimon satisfies his *prima facie* burden, he has not shown that the USPS's stated reasons for his termination were pretextual.

Finally, Hollimon argues on appeal that the district judge erred by failing to recuse himself. He alleges that the judge was biased because Hollimon's attorney represented or currently represents a former deputy clerk in a racial discrimination claim against the judge.

We review a denial of a motion to recuse for abuse of discretion. *United States v. Anderson*, 160 F.3d 231, 233 (5th Cir. 1998). A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). We determine whether a reasonable person, knowing the circumstances, would question the judge's impartiality. *Republic of Panama v. Am. Tobacco Co., Inc.*, 265 F.3d 299, 302 (5th Cir. 2001). Bias against an attorney is not enough to require disqualification; bias must be shown

No. 09-60601

to exist against the party itself. *Henderson v. Dept. of Public Safety & Corrs.*, 901 F.2d 1288, 1296 (5th Cir. 1990).

Hollimon has not shown either actual bias or the appearance of bias against Hollimon himself. We therefore cannot find that the district judge abused his discretion when he declined to recuse himself.

We AFFIRM.