# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60384

United States Court of Appeals
Fifth Circuit

**FILED**
May 4, 2015

Lyle W. Cayce
Clerk

DARNELL BALDWIN,

Plaintiff-Appellant

v.

JOHNNY RODGERS; YVONAL BATTLE; RON RAGON; MAXX DOE,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:13-CV-93

Before SMITH, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Darnell Baldwin, Mississippi prisoner # R5564, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 action. In his complaint, he alleged that prison officials retaliated against him for filing grievances in violation of his First Amendment and due process rights. The district court dismissed the complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), denied his IFP motion, and certified that the appeal was not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60384

By moving to proceed IFP in this court, Baldwin is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The district court did not err in dismissing Baldwin's complaint. Baldwin did not present direct evidence or "allege a chronology of events from which retaliation may plausibly be inferred" to show that the defendants' actions were taken in retaliation for his filing of grievances. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Baldwin's personal belief and conclusional allegations are insufficient to show that the defendants acted with a retaliatory motive. *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999); *Woods*, 60 F.3d at 1166. Baldwin also failed to show that absent his filing of a grievance, he would not have been placed in administrative segregation. *See Jones*, 188 F.3d at 324-25; *Woods*, 60 F.3d at 1166. Because Baldwin does not allege that his new job assignment was more difficult, strenuous, or dangerous, he has not shown that his transfer to a different job rose to the level of actionable retaliation. *See Morris v. Powell*, 449 F.3d 682, 684-86 (5th Cir. 2006). Further, he does not allege or show that the facility to which he was transferred was inferior or more dangerous than the Mississippi State Penitentiary in which he was previously incarcerated. *See Smith v. Hebert*, 533 F. App'x 479, 482 (5th Cir. 2013) (holding that transfer was not actionable because prisoner failed to show that camp to which he was transferred was more violent than main prison). Therefore, Baldwin has not shown that the district court erred in dismissing his complaint for failure to state a claim. *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

No. 14-60384

In addition, Baldwin argues that the district court judge abused his discretion in denying Baldwin's motion to recuse him under 28 U.S.C. § 455(a) and (b)(4) based on the judge's unfavorable rulings in his previous habeas proceeding. The district court's adverse rulings were not an adequate basis for demanding recusal. *See United States v. MMR Corp.*, 954 F.2d 1040, 1045 (5th Cir. 1992). Therefore, the district court judge did not abuse his discretion in denying his recusal motion. *See United States v. Anderson*, 160 F.3d 231, 233 (5th Cir. 1998).

Because Baldwin has not shown that he will raise a nonfrivolous issue on appeal, his IFP motion is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; *Howard*, 707 F.2d at 219-20; 5TH CIR. R. 42.2. The district court's dismissal of Baldwin's complaint for failure to state a claim and the dismissal of this appeal as frivolous both count as strikes under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Baldwin is WARNED that, if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." *See* § 1915(g).