# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 25, 2020

Lyle W. Cayce
Clerk

No. 19-10183
Summary Calendar

IN THE MATTER OF: WILLIAM PAUL BURCH,

*Debtor*,

WILLIAM PAUL BURCH,

*Appellant*,

*versus*

AREYA HOLDER AURZADA,

*Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-611

Before CLEMENT, ELROD, and HAYNES, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10183

William Paul Burch moves for leave to proceed in forma pauperis (IFP) from the district court's denial of his appeal from the denial of a motion to recuse filed in a bankruptcy proceeding.  He challenges the determination that the bankruptcy court judge was not biased and prejudiced.  He also contests the district court's decision to permit the Trustee to intervene and oppose his appeal from the denial of his recusal motion.

Typically, to obtain leave to proceed IFP on appeal, a movant must show financial eligibility and the existence of a nonfrivolous appellate issue. 28 U.S.C. § 1915(a)(1); *see Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). To establish that there is a nonfrivolous issue for appeal, a movant must show that the appeal "involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We need not decide the financial circumstances, because we conclude that Burch fails to raise a nonfrivolous argument on appeal.

Burch argues that the district court incorrectly affirmed the denial of his motion to recuse the bankruptcy court judge.  We review the denial of a recusal motion for abuse of discretion.  *United States v. Anderson*, 160 F.3d 231, 233 (5th Cir. 1998).

Under 28 U.S.C. § 455(a), a federal judge must disqualify himself in any proceeding where his impartiality might reasonably be questioned.  § 455(a); *Anderson*, 160 F.3d at 233.  Moreover, under § 455(b)(1), a judge must recuse himself where he has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  § 455(b)(1); *United States v. Mizell*, 88 F.3d 288, 299 (5th Cir. 1996).  While the subsections are similar, § 455(a) regards the general appearance of impartiality, whereas § 455(b)(1) concerns specific cases of conflict of interest and requires a showing of actual personal bias.  *See Liteky*

*v. United States*, 510 U.S. 540, 548 (1994); *Patterson v. Mobile Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003). Bankruptcy judges are governed by § 455. *See* Fed. R. Bankr. P. 5004.

Burch has not shown that the impartiality of the judge reasonably might be questioned or that the judge had an actual personal bias against him. *See* § 455(a) & (b); *Patterson*, 335 F.3d at 484; *Mizell*, 88 F.3d at 299. Thus, he has not demonstrated that the disposition of his recusal motion gives rise to a nonfrivolous appellate issue.

He also challenges the Trustee's intervention. His contention that the Trustee intervened to protect her interests and conceal her misdeeds is conclusory, unsupported, and speculative. Thus, he has not presented a nonfrivolous appellate issue as to the intervention of the Trustee.

Accordingly, the motion for IFP is DENIED, and this case is DISMISSED as frivolous.