# United States Court of Appeals
# for the Fifth Circuit

No. 22-50452
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 20, 2022

Lyle W. Cayce
Clerk

In the Matter of Mohammed Reza Assadi,

*Debtor*,

Mohammad Reza Assadi, Debtor,

*Appellant*,

*versus*

Randolph N. Osherow, Trustee; Amir Batoei, Creditor,

*Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CV-489

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Debtor Mohammed Assadi, proceeding pro se, appeals from the district court's review of several final orders of the bankruptcy court.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50452

Namely, Assadi argues the bankruptcy court (1) violated his due process rights, (2) erred in granting Trustee Randolph Osherow's motion to compromise and settle claims with Creditor Amir Batoei, (3) erred in denying Assadi's motion to disqualify the bankruptcy judge, and (4) erred in sustaining in part and denying in part Assadi's objections to Batoei's claims.

We have jurisdiction under 28 U.S.C. § 158(d). "When reviewing a district court order that itself reviews a bankruptcy court order, an appellate court applies the same standard of review as did the district court." *In re Bodenheimer, Jones, Szwak, & Winchell LLP*, 592 F.3d 664, 668 (5th Cir. 2009). So like the district court, we review the bankruptcy court's denial of Assadi's recusal motion and grant of Osherow's motion to compromise for abuse of discretion. *United States v. Anderson*, 160 F.3d 231, 233 (5th Cir. 1998) (recusal motion); *In re Emerald Oil Co.*, 807 F.2d 1234, 1239 (5th Cir. 1987) (motion to compromise). Further, we review legal conclusions *de novo*, while findings of fact are reviewed for clear error. *In re San Patricio Cnty. Cmty. Action Agency*, 575 F.3d 553, 557 (5th Cir. 2009).

Assadi's first and second arguments stem from the bankruptcy court's order approving Osherow's motion to compromise with Batoei pursuant to Federal Rule of Bankruptcy Procedure 9019. Assadi claims the bankruptcy court violated his due process rights when considering the Rule 9019 motion. Assadi, however, had adequate notice of the Rule 9019 hearing, filed evidence and arguments in response to Osherow's motion, and had the opportunity to present his arguments at the hearing. That is more than sufficient. *See In re Reagor-Dykes Motors, LP*, 613 B.R. 878, 885–86 (Bankr. N.D. Tex. 2020) ("Generally, for a party to be bound to orders issued by the bankruptcy court, the party must receive adequate notice of the proceedings for due process reasons. The Code provides for due process protection for settlements under Rule 9019(a) by requiring that a debtor in possession give creditors and parties in interest 'adequate notice and opportunity to be heard

before their interests may be adversely affected.'" (quotation omitted)).

Assadi also claims the bankruptcy court abused its discretion in granting Osherow's Rule 9019 motion instead of requiring Osherow to appeal the state court judgment in favor of Creditor Batoei. Although the bankruptcy judge has broad discretion to approve a settlement agreement, the agreement must be "fair, equitable[,] and in the best interest of the estate." *In re Jackson Brewing Co.*, 624 F.2d 605, 608 (5th Cir. 1980).

> Five factors inform the "fair and equitable" analysis: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay, including the difficulties, if any, to be encountered in the matter of collection; (3) the paramount interest of the creditors and a proper deference to their respective views; (4) the extent to which the settlement is truly the product of arm's-length bargaining and not fraud or collusion; and (5) all other factors bearing on the wisdom of the compromise.

*In re Moore*, 608 F.3d 253, 263 (5th Cir. 2010).

Here, the bankruptcy court's evaluation of Assadi's probability of success on appeal was reasonable in light of the state's courts consideration of the issue, the evidence in the record, and the exacting standard of review that would apply on appeal. The bankruptcy court also reasonably concluded that litigation would take considerable time and effort and might result in an increase in Batoei's claims against the estate. Finally, the bankruptcy court was within its discretion to conclude that the arm's-length settlement was in the best interest of the creditors because it "would allow the Trustee to pay all claims against the estate in full."

Next, Assadi claims the bankruptcy court abused its discretion when it denied Assadi's motion to recuse the bankruptcy judge. "Any justice,

judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see* Fed. R. Bankr. P. 5004(a) ("A bankruptcy judge shall be governed by 28 U.S.C. § 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises[.]"). Although the bankruptcy court ruled against many of Assadi's motions, that by itself is insufficient to trigger § 455. *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."). Moreover, nothing in the record suggests that the bankruptcy court treated Assadi unfairly.

Finally, Assadi argues that the bankruptcy court erred in sustaining in part and denying in part Assadi's objections to claims filed by Baroei. But as the district court correctly held, Assadi abandoned this issue by inadequately briefing it before the district court. *Ramirez v. Escajeda*, 921 F.3d 497, 500 (5th Cir. 2019).

AFFIRMED.