[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14634
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 28, 2010
JOHN LEY
CLERK

D. C. Docket No. 98-00431-CR-MHS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN STARNES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 28, 2010)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

A decade ago Brian Keith Starnes pleaded guilty to two counts of aiding and

abetting a bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2.  The district

court sentenced Starnes to 88 months imprisonment on each count, to run concurrently. At the sentence hearing, the court pronounced that "[u]pon release from imprisonment the defendant shall be placed on supervised release for a term of 3 years." The court's judgment and commitment order reiterated that Starnes' imprisonment would be followed by supervised release for "a term" of three years.

Starnes was released from prison in 2006. Starnes admits that in 2007 he violated the conditions of his supervised release. He failed to submit reports to his probation officer, left the halfway house where he was living, and committed new state crimes—felony obstruction of an officer and terroristic threats. After holding a hearing, the district court revoked his supervised release and sentenced him to 30 months of imprisonment.

Starnes contends that we should vacate his sentence because it exceeds the statutory maximum. He argues that the district court had imposed only a single term of supervised release with a maximum revocation sentence of 24 months. The government argues that the district court actually had imposed, or meant to impose, two concurrent terms of supervised release. According to the government, the statutory maximum is 48 months because the district court was allowed to "stack" two 24-month revocation sentences consecutively. We agree with Starnes

2

that his revocation sentence exceeds the statutory maximum.[1]

We normally review de novo the legality of a sentence imposed pursuant to revocation of a term of supervised release. United States v. Mazarsky, 499 F.3d 1246, 1248 (11th Cir. 2007). However, when a party raises a sentencing challenge for the first time on appeal, we review only for plain error. United States v. Beckles, 565 F.3d 832, 842 (11th Cir. 2009). To establish plain error, Starnes must show that: (1) there is an error; (2) the error is plain or obvious; (3) the error affects his substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of a judicial proceeding. Id.

Upon finding by a preponderance of the evidence that a defendant has violated a condition of his supervised release, a district court may revoke the term of supervised release and impose a prison sentence. See 18 U.S.C. §§ 3583(e), 3553(a); United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006). Though the district court has discretion in sentencing, § 3583(e)(3) limits the length of each term of imprisonment that may be imposed upon revocation of supervised release. See 18 U.S.C. § 3583(e)(3). The applicable statutory maximum is determined by the grade of the felony offense that resulted in the supervised release term that is revoked. See id. When the underlying offense was a Class C felony—such as

---

[1] Because we resolve the statutory maximum issue in Starnes' favor, we need not address his other contentions challenging his sentence.

3

bank robbery, see id. §§ 2113(a), 3559(a)(3)—the maximum sentence for revocation of that supervised release term is 24 months imprisonment. Id. § 3583(e)(3).

Section 3583(e)(3) "limit[s] only the length of each term, not the length of overall punishment." United States v. Deutsch, 403 F.3d 915 (7th Cir. 2005). Thus, where more than one individual term of supervised release is revoked, a district court has discretion to stack revocation sentences consecutively. See United States v. Quinones, 136 F.3d 1293, 1294–95 (11th Cir. 1998) ("[The defendant] had two such terms [of supervised release], and the district court could therefore revoke both and sentence [him] to a term of imprisonment for each violation."); see also 18 U.S.C. § 3584(a). That discretion allows for consecutive revocation sentences—even though district courts may impose only concurrent, not consecutive, terms of supervised release, see § 3624(e); U.S.S.G. § 5G1.2 cmt. (1999);[2] see also United States v. Danser, 270 F.3d 451, 454 (7th Cir. 2001).

In the present case, Starnes received a 30-month revocation sentence. The key question presented is whether the district court initially imposed, and later

---

[2] We will refer to the 1999 version of the Sentencing Guidelines when discussing Starnes' original sentence, which was imposed on December 2, 1999. See United States v. Simon, 168 F.3d 1271, 1272 (11th Cir. 1999) ("We apply the version of the Sentencing Guidelines and commentary in effect on the date of sentencing unless a more lenient punishment would result under the Guidelines version in effect on the date the offense was committed.").

4

revoked, one term of supervised release or two. If there was only one term, the revocation sentence would exceed the 24-month statutory maximum. See 18 U.S.C. § 3583(e)(3). If there were actually two terms of supervised release, the district court had discretion to revoke both terms, impose up to 24 months of imprisonment for each term, and stack the sentences consecutively. See id. §§ 3583(e)(3), 3584(a); Quinones, 136 F.3d at 1294–95. In that case the maximum revocation sentence would be 48 months, and Starnes' 30-month sentence would fit under the statutory cap.

As we have already mentioned, the district court's oral pronouncement of Starnes' original sentence, and its written judgment and commitment order, both refer to "a term" of supervised release. The use of the singular "a term" plainly refers to only one term of supervised release. See United States v. Eskridge, 445 F.3d 930, 935 (7th Cir. 2006) (holding that the district court could not impose consecutive revocation sentences because the underlying judgment had established "a term" of supervised release). If the district court had meant to impose two concurrent terms of supervised release, it would have said so. But it did not.

The government fights against the plain meaning of Starnes' original sentence by arguing that he actually received two terms of supervised release. It asserts that the district court's use of the singular "a term" is explained by the legal

5

backdrop behind Starnes' original sentence, which was imposed in 1999. That legal backdrop included: the pre-Booker world where the sentencing guidelines were mandatory, see United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005); a provision of the guidelines that required a term of supervised release on each count for which a defendant received more than one year in prison, see U.S.S.G. § 5D1.1(a) (1999); and the statutory command that multiple terms of supervised release would run concurrently, see 18 U.S.C. § 3624(e). The government argues that the district court was required to impose two concurrent terms, but had no reason to mention multiple terms because they would run concurrently regardless of what the court actually said.

We find the government's argument unpersuasive. To begin with, the district court was not required to impose a term of supervised release on each bank robbery count. Section 5D1.1 of the sentencing guidelines states that "[t]he court shall order a term of supervised release to follow imprisonment when a sentence of imprisonment of more than one year is imposed, or when required by statute." U.S.S.G. § 5D1.1(a). That provision, however, contains an important exception. The commentary to § 5D1.1 states:

> The court may depart from this guideline and not impose a term of supervised release if it determines that supervised release is neither required by statute nor required for any of the following reasons: (1) to protect the public welfare; (2) to enforce a financial condition; (3)

to provide drug or alcohol treatment or testing; (4) to assist the reintegration of the defendant into the community; or (5) to accomplish any other sentencing purpose authorized by statute.

Id. cmt. n.1. Thus, even before Booker, the district court retained discretion to decide that two terms of supervised release were unnecessary. The supervised release part of Starnes' original sentence is unambiguous, and the legal backdrop against which it was imposed does not alter the plain meaning of the district court's language.

The government also argues, in the alternative, that the district court's reference to "a term" of supervised release in the underlying judgment was a clerical error that can be corrected pursuant to Federal Rule of Criminal Procedure 36. Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36; see United States v. Portillo, 363 F.3d 1161, 1164–65 (11th Cir. 2004). We have recognized, however, that Rule 36 may not be used "to make a substantive alteration to a criminal sentence." United States v. Pease, 331 F.3d 809, 816 (11th Cir. 2003); see also Portillo, 363 F.3d at 1164 ("[A] district court has no jurisdiction to correct a defendant's sentence where the corrections are aimed at remedying errors of law rather than mere transcription").

7

Rule 36 does not apply under these circumstances. This is not a case where the district court's written judgment must be corrected because it differs from the sentence that was orally pronounced. Cf. United States v. Bates, 213 F.3d 1336, 1340 (11th Cir. 2000) ("When a sentence pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement governs."). Instead, the written judgment and the sentence announced from the bench both refer to "a term" of supervised release. There is no evidence of a "clerical error" that may be corrected under Rule 36. See Portillo, 363 F.3d at 1164; Pease, 331 F.3d at 816. As the Seventh Circuit has explained:

> [I]f the order accurately reflects the judge's decision, however mistaken, to impose just a single term [of supervised release], it cannot be corrected because none of the statutory provisions authorizing the sentencing judge to modify a sentence that he has imposed is applicable to such a case. A district judge may still correct a final judgment in a criminal case to reflect the sentence he actually imposed but he cannot change the sentence he did impose even if the sentence was erroneous.

Eskridge, 445 F.3d at 934. Besides, the district court did not even attempt to apply Rule 36 in this case.

Because Starnes was originally sentenced to only one term of supervised release for his bank robbery convictions, his maximum revocation sentence was 24 months imprisonment. See 18 U.S.C. § 3583(e)(3). The district court's 30-month sentence therefore exceeds the statutory maximum.

8

The sole remaining issue is whether Starnes has demonstrated plain error. See Beckles, 565 F.3d at 842. We conclude that he has. His revocation sentence is plainly erroneous because the language of the underlying judgment is unambiguous and the revocation sentence exceeds the statutory maximum. See United States v. Eldick, 393 F.3d 1354, 1354 n.1 (11th Cir. 2004); United States v. Cobbs, 967 F.2d 1555, 1558 (11th Cir. 1992). The plain error affected his substantial rights because it "affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 1778 (1993). To deprive Starnes of his liberty for six months beyond what the law allows would seriously call into question the fairness, integrity, and public reputation of his judicial proceeding. See id.; United States v. Bushert, 997 F.2d 1343, 1351 n.18 (11th Cir. 1993) ("It is both axiomatic and jurisdictional that a court of the United States may not impose a penalty for a crime beyond that which is authorized by statute."). The judgment must therefore be vacated and the case remanded for resentencing.

**VACATED AND REMANDED.**