# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60313
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID GARLAND ATWOOD, II,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 5:04-CR-17-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

David Garland Atwood, II, appeals from the revocation of his supervised release. He challenges the revocation proceedings at which he was found guilty of three of the five alleged violations of the conditions of his supervised release and his resulting above-guidelines revocation sentence of 72 total months of imprisonment and a lifetime term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60313

Atwood argues that the district court judge erred by not recusing himself because he was assigned to related civil cases. He has not shown that the judge abused his discretion. *See* 28 U.S.C. § 455; *United States v. Anderson*, 160 F.3d 231, 233 (5th Cir. 1998). Atwood alleges that the origin of the judge's bias was knowledge that he obtained while conducting his judicial duties, which is not a basis for disqualification. *See Conkling v. Turner,* 138 F.3d 577, 592 (5th Cir. 2003). Also, his claim that the judge was biased because he made rulings against him in the civil cases does not support a claim of prejudice justifying recusal. *See* § 455(b); *Liteky v. United States*, 510 U.S. 540, 555 (1994). Atwood also has not shown that the judge's assignment to the civil and revocation cases would raise a question in the mind of a reasonable person as to the judge's impartiality and has not identified evidence to suggest that the judge could not render a fair judgment. § 455(a); *Anderson*, 160 F.3d at 233; *Liteky*, 510 U.S. at 455.

Atwood further asserts that the district court violated Federal Rule of Criminal Procedure 32.1 and his due process rights by not providing adequate notice of two of the grounds on which he allegedly violated his supervised release (i.e., Charges One and Three). However, he has not shown that the district court plainly erred. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Magwood,* 445 F.3d 826, 828 (5th Cir. 2006). He was found not guilty of Charge One and, thus, any deficiency did not affect his substantial rights. *See Puckett*, 566 U.S. at 135. With respect to Charge Three, the revocation petition set forth the nature of the charge and the essential facts that the Government sought to prove and, thus, he had sufficient notice of the purported violation to be able to prepare and present a defense. S*ee* FED. R. CRIM. P. 32.1; *Morrissey v. Brewer*, 408 U.S. 471, 486-87 (1972). To the extent that Atwood argues that he was denied a preliminary hearing, he

likewise has not shown any effect on his substantial rights in light of the disposition of the revocation hearing. *See* FED. R. CRIM. P. 32.1(b)(1)(A), (B); *Puckett*, 556 U.S. at 135.

Atwood maintains that the evidence was insufficient to prove that he violated the three conditions of his supervised release of which he was found guilty. A district court does not abuse its discretion in revoking a defendant's supervised release if, viewing the evidence in the light most favorable to the Government, a preponderance of the evidence supports that a defendant violated the conditions of supervised release. *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995); *United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994); *see* § 3583(e)(3).

The record supports that the district court had a sufficient basis to find that Atwood was guilty of the allegation that he engaged in criminal activity leading to his arrest for trespassing. The evidence reflected that, despite being warned that he was not allowed in areas that the City of Vicksburg controlled for purposes of the Miss Mississippi Pageant, Atwood three times breached the established perimeter and entered restricted areas without authorization. To the extent that he argues that his arrest violated the First Amendment, he has not shown that probable cause did not exist to arrest him for trespassing. *See Mesa v. Prejean*, 543 F.3d 264, 273 (5th Cir. 2008); *United States v. McCowan*, 469 F.3d 386, 390 (5th Cir. 2006).

The district court likewise had a sufficient basis to conclude that Atwood violated the condition requiring him to register as a sex offender. The evidence showed that Atwood violated Mississippi law by staying at the home of Roger Cole in Pearl, Mississippi, for at least 14 days between May 2011 and August 2011 without properly registering the address as a temporary residence. *See* MISS. CODE ANN. §§ 45-33-23(h), 45-33-25(c). While Atwood arguably offered

No. 13-60313

competing evidence, the district court found it not to be credible; we must defer to the district court's credibility determinations and consider the evidence in the light most favorable to the Government. *See United States v. Goncalves*, 613 F.3d 601, 609 (5th Cir. 2010); *Alaniz-Alaniz*, 38 F.3d at 792.

The record further reflects that the district court had a sufficient basis to find that Atwood violated the condition requiring him to keep a daily log of websites that he visited on his personal computer. The evidence showed that he was unable to produce to his probation officer a physical log of the websites that he visited and that he admitted his noncompliance. To the extent that he argues that a log automatically compiled by his computer would satisfy the condition, his claim lacks merit because it is not a commonsense reading of the condition, and the record supported that Atwood was aware that the condition required production of a physical log. *See United States v. Paul*, 274 F.3d 155, 167 (5th Cir. 2001).

Atwood argues that the district court violated his double jeopardy rights by sentencing him based on the conduct underlying Charge One, which he was found not guilty of violating. Atwood has not shown reversible plain error. *See United States v. Odutayo*, 406 F.3d 386, 392 (5th Cir. 2005). We have held that double jeopardy does not apply to a revocation proceeding, although in different contexts. *See United States v. Whitney*, 649 F.2d 296, 297-98 (5th Cir. Unit B 1981). In any event, even if it does apply, the sentencing court was permitted to consider the facts regarding Charge One without violating double jeopardy principles. *See United States v. Watts*, 519 U.S. 148, 153 (1997); *Witte v. United States*, 515 U.S. 389, 393 (1995); *see also* 18 U.S.C. § 3661; U.S.S.G. §§ 1B1.3, 1B1.4.

Atwood's claim that admission of testimony from the alleged victims and their mothers violated the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771,

because the witnesses were not "crime victims" for purposes of the statute is also unavailing.  The witnesses did not testify as victims of Charge One and instead testified about Atwood's character, which was relevant for purposes of sentencing.  Thus, Atwood has not shown plain error on this basis.  *See Puckett*, 556 U.S. at 135.

Atwood asserts that the district court violated Federal Rule of Criminal Procedure 32.1 by limiting his ability to allocute and offer mitigation evidence.  However, the district court did not plainly err.  *See United States v. Reyna*, 358 F.3d 344, 350-51 (5th Cir. 2004) (en banc).  The record establishes, and Atwood concedes, that he had the opportunity to offer an extensive allocution.  To the extent that Atwood argues that he was discouraged from raising several issues that he sought to discuss, the record reflects that he had a meaningful chance to address the issues that he wished to discuss, and he has not established that the district court was required to permit him to introduce new evidence or offer arguments not based on previously introduced evidence.  Accordingly, Atwood has not shown clear or obvious error.  *See id.* at 347, 350.  Likewise, he has not shown that any error committed by the district court in this regard warrants the exercise of this court's discretion.  *See Magwood*, 445 F.3d at 830.

Atwood contests his revocation sentence on various grounds.  He argues that the district court selected his sentence for the impermissible reasons of punishing him for the seriousness of his offense and promoting respect for the law; the district court did not properly consider and justify its sentence based upon the 18 U.S.C. § 3553(a) sentencing factors or the policy statements; the district court based his sentence on clearly erroneous facts; and his 72-month sentence was excessive.  We review preserved challenges to revocation sentences, as here, under the deferential plainly unreasonable standard.  *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

The record does not reflect that the district court relied on the improper factors listed in § 3553(a)(2)(A) in selecting Atwood's sentence. *See id.* at 844. Instead, the court cited permissible § 3553(a) factors to explain its selection of sentence and found that these factors merited a sentence outside the guidelines range; the court made an individualized assessment based on Atwood's history and characteristics, the nature and circumstances of the offense, and the need to protect the public; selected a sentence that it believed was merited in light of those factors; and noted those factors in explaining the sentence imposed. *See* § 3553(a)(1), (a)(2)(C); *Miller*, 634 F.3d at 844; *Rita v. United States*, 551 U.S. 338, 357 (2007). The district court also reviewed Atwood's mitigation arguments and evidence, and any disagreement that Atwood has with the court's weighing of the § 3553(a) factors does not establish that his sentence is unreasonable, and certainly not plainly unreasonable. *See Gall v. United States*, 552 U.S. 38, 51-52, 56-60 (2007).

Further, Atwood has not shown that the district court erred by basing his sentence on clearly erroneous facts. *See United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). The district court did not find that Atwood committed sex offenses in the instant case but rather that his failure to register created the circumstances that would allow him to commit the acts that the sex-offender registration condition was designed to prevent and which he had been convicted of committing previously. Moreover, there was evidence offered at sentencing that Atwood used aliases and false identities in his dealings with the alleged victims of Charge One and their mothers, and, thus, that finding was not clearly erroneous. *See id.* Also, contrary to Atwood's claim, the record does not support that the district court affirmatively found that Atwood had HIV or herpes; the district court noted at sentencing that the evidence on the issue was inconclusive and irrelevant to the sentence imposed and indicated in

the Statement of Reasons (SOR) that it merely considered the evidence without making any particular finding.

Atwood's 72-month revocation sentence was not excessive. The district court may impose any sentence that falls within the statutory maximum prison term allowed for the revocation sentence. *See* § 3583(e)(3); *United States v. McKinney*, 520 F.3d 425, 427 (5th Cir. 2008). Atwood's sentence was equal to, but did not exceed the statutory maximum and, therefore, it was not plainly unreasonable. *See Warren*, 720 F.3d at 324-25, 332-33.

Atwood alleges that the oral pronouncement of sentence conflicts with the SOR because, whereas the district court at sentencing stated that it was not certain whether Atwood had HIV and herpes, the SOR cited the fact that Atwood had the conditions as a basis for the sentence imposed. However, he has not shown any conflict; the district court noted at sentencing and in the SOR that it reviewed the evidence, made no finding whether Atwood had the conditions, and found that the sentence imposed was merited apart from the issue.

Atwood argues that his due process rights were violated because Roger Cole gave false testimony at the revocation hearing that was inconsistent with a written statement that he gave to law enforcement. However, Atwood has not shown that the district court plainly erred in admitting the testimony. *See Puckett*, 556 U.S. at 135. He specifically has not established that the issues on which Cole allegedly testified falsely were material. *See United States v. Mason*, 293 F.3d 826, 828 (5th Cir. 2002).

Finally, Atwood contends that the cumulative effect of the errors in his revocation proceedings warrant reversal. However, he has not shown that the cumulative effect of any errors precluded a fundamentally fair proceeding. *See United States v. Fields*, 483 F.3d 313, 362 (5th Cir. 2007).

No. 13-60313

Accordingly, the judgment of the district court is AFFIRMED. Atwood's motion to supplement the record, to open and review trial exhibits, and to have the case reassigned to a different judge on remand are DENIED.