# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60081
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THOMAS ANTHONY BAIN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CR-23-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Thomas Anthony Bain pleaded guilty in 2004 to two drug offenses and was sentenced to concurrent terms of 121 months of imprisonment to be followed by concurrent terms of 60 months on supervised release. In 2014, the district court revoked his supervised release and imposed a term of imprisonment of 10 months to be followed by "a term" of supervised release of 36 months. In 2016, the district court again revoked Bain's supervised release

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and imposed two consecutive 24-month sentences of imprisonment, each of which was above the advisory range of three to nine months of imprisonment. He now appeals from this second revocation of supervised release, asserting two issues.

First, Bain contends that the district court plainly erred by imposing two consecutive 24-month terms of imprisonment because, after the 2014 revocation, there was only one term of supervised release for the district court to revoke. He did not preserve this issue, and we review for plain error. *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To prevail on plain-error review, a defendant "must show an error that is clear or obvious and affects his substantial rights." *Id.* at 260. If the defendant makes such a showing, this court "has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Several of our sister circuits have held that a district court errs when it revokes "a term" of supervised release and imposes multiple sentences of imprisonment or supervised release. *See United States v. Eskridge*, 445 F.3d 930, 934-35 (7th Cir. 2006); *United States v. Dillon*, 725 F.3d 362, 368 (3d Cir. 2013); *United States v. Starnes*, 376 F. App'x 942, 945-46 (11th Cir. 2010). We need not adopt the reasoning of any of those cases today because, even if the district court clearly or obviously erred in this case, Bain has not established that the error affected his substantial rights.

"A sentencing error affects a defendant's substantial rights if he can show a reasonable probability that, but for the district court's error, he would have received a lesser sentence." *United States v. Rivera*, 784 F.3d 1012, 1018 (5th Cir. 2015) (quoting *United States v. John*, 597 F.3d 263, 284-85 (5th Cir. 2010)) (alteration omitted). Assuming that the district court erred by imposing two terms of imprisonment instead of one, the 48-month sum of those two

No. 16-60081

consecutive terms was still less than the five-year statutory maximum applicable to a single term of post-revocation imprisonment. 18 U.S.C. §§ 3559(a)(1), 3583(e)(3). Accordingly, the district court could have imposed the same length of imprisonment as a single 48-month term, and Bain fails to explain how any error as to the number of sentences imposed otherwise affected his sentence. He therefore fails at the third prong of plain-error review with respect to this issue.

Second, Bain contends that the district court committed procedural error by insufficiently explaining the reasons for sentencing him to 48 months of imprisonment. His general objection to the sentence as unreasonable and his specific objection to the district court's references to drug rehabilitation did not preserve this issue, and we review for plain error. *See United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012). "Under plain error review, a district court commits clear and obvious error when it fails to state reasons for a sentence outside the guidelines range." *Id.* at 498 (citing *Whitelaw*, 580 F.3d at 261-62). "But, this court has explained, a district court need not engage in a 'checklist recitation of the section 3553(a) factors.'" *Id.* (quoting *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006)).

In *Kippers*, we held that the district court adequately explained its "leap from an advisory range of three to nine months of imprisonment" to a 48-month sentence. *See id.* at 498-99. Here, the district court's explanation for sentencing Bain to a comparable above-guidelines length of imprisonment was at least as thorough as that held to be sufficient in *Kippers*. *See id.* Accordingly, Bain has not established any procedural error, let alone plain error. The additional arguments he raised for the first time in his reply brief are waived. *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005).

AFFIRMED.