# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 16-11396
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2017

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ROBERT NOBLE HAMMONS,

Defendant–Appellant.

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CR-360-1

———————

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Robert Noble Hammons appeals the sentence imposed following the revocation of his supervised release. He contends that the district court erred in ordering two consecutive terms of imprisonment because the court's original sentence had been for one term of supervised release. Given Hammons's objection at the revocation hearing, we review under the "plainly unreasonable" standard. *See United States v. Warren,* 720 F.3d 321, 326 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11396

Cir. 2013).    If this court determines that the sentence imposed was unreasonable, it may reverse the district court only if "the error was obvious under existing law." *Id.* (quoting *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011)).

Hammons has not met this standard.  Given the ambiguities in the oral pronouncement and written judgment as to whether the original sentence was for one term of supervised release or two concurrent terms of supervised release, we assess the intent of the sentencing court as "discerned from the entire record." *United States v. McAfee*, 832 F.2d 944, 946 (5th Cir. 1987) (per curiam).  Contrary to Hammons's arguments, the district court here did not improperly alter its original sentence but rather clarified it.  Because of the district court's explanation of its intent, and the absence of authority to support Hammons's argument, he has not shown that the district court committed an obvious error under existing law.  *Warren*, 720 F.3d at 326.

AFFIRMED.