# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60021

United States Court of Appeals
Fifth Circuit

**FILED**
February 13, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

DAVID SMITH-GARCIA, formerly known as David Garland Atwood, II,

      Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Mississippi
U.S.D.C. No. 3:15-CR-45-1

Before DAVIS, HAYNES, and OLDHAM, Circuit Judges.

PER CURIAM:*

      Following a conviction for two federal crimes, David Smith-Garcia thrice had his supervised release revoked and replaced by new sentences of imprisonment and supervised release. He appeals the most recent revocation sentence on several grounds. We AFFIRM the substance of the district court's judgment but REMAND for the limited purpose of correcting a clerical error.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60021

## I.    Background

In 2005, Smith-Garcia (then known as David Garland Atwood II) pleaded guilty to one count of wire fraud (Count Two) and one count of using a facility in interstate commerce to induce a minor to engage in sexual activity (Count Eight). The district court imposed two concurrent sentences of sixty-three months' imprisonment followed by two concurrent five-year terms of supervised release. Smith-Garcia was released to supervision on January 23, 2009.

On March 23, 2010, the district court revoked Smith-Garcia's supervised release and re-sentenced him to "a total term of" five months' imprisonment, followed by "a term of" fifty-five months on supervised release. The court did not specify which counts the revocation and re-sentencing referred to. This second round of supervised release began on June 11, 2010.

The district court again revoked Smith-Garcia's supervised release on March 29, 2013. This time, the district court imposed two consecutive sentences of thirty-six months' imprisonment on Counts Two and Eight. The district court also imposed two concurrent terms of supervised release: nineteen months on Count Two and a life term on Count Eight. One condition of release was a prohibition on using internet-capable devices without permission. Smith-Garcia's third round of supervised release began on April 13, 2017. Smith-Garcia appealed and lost. *United States v. Atwood*, 581 F. App'x 455 (5th Cir. 2014).

The events giving rise to this appeal began later in 2017, when the Government charged Smith-Garcia with eight supervised-release violations: (1) traveling twenty-seven miles per hour over the posted speed limit; (2) using an internet-capable Apple device; (3) having an active Facebook account; (4) traveling without permission to Monroe, Louisiana; (5) leaving the judicial

2

No. 18-60021

district without permission to meet someone named Job Rivera; (6) extorting money and sexual favors from Rivera by threatening to reveal private information in violation of Mississippi Code § 97-3-82; (7) exposing Rivera to HIV in violation of Mississippi Code § 97-27-14(1); and (8) possessing an internet-capable GPS device.

Smith-Garcia pleaded true to the allegation that he had traveled without permission to Monroe. The Government withdrew the charge that Smith-Garcia possessed an internet-capable GPS tracking device. Following a lengthy revocation hearing, the district court found Smith-Garcia guilty of the remaining charges. The court sentenced him to seventy-two months' imprisonment, comprising consecutive thirty-six-month terms, and re-imposed the life term of supervised release on Count Eight.

This timely appeal ensued. On appeal, Smith-Garcia makes five arguments: (1) that the district court abused its discretion by denying his repeated motions for the judge to recuse and denying an evidentiary hearing on the motions, (2) that the Government did not meet its burden of proof for any violation of release conditions, (3) that the 2013 release condition restricting internet use was unconstitutional, (4) that his 2017 sentence was unlawful, and (5) that the 2017 judgment on revocation contains a clerical error.

## II.    Discussion

Smith-Garcia's primary argument is that the imposition of two consecutive thirty-six-month terms of imprisonment at the 2017 revocation proceedings exceeded the statutory maximum. Specifically, he argues that the district court erred in 2013 and in 2017 by imposing two consecutive sentences of imprisonment because, after the 2010 revocation, there was only one term of supervised release for the district court to revoke. Smith-Garcia did not

raise this argument before the district court.

We will uphold a revocation sentence "unless it is in violation of law or plainly unreasonable." *United States v. Mathena*, 23 F.3d 87, 89 (5th Cir. 1994). We generally review de novo the question whether a specific sentence exceeds the statutory maximum, even if not raised below. *United States v. Oswalt*, 771 F.3d 849, 850 (5th Cir. 2014). Yet because the issue here involves the question of whether the district court could impose two sentences (derived from two original convictions and terms of supervised release) rather than one, we review his unpreserved argument for plain error. *See United States v. Bain*, 670 F. App'x 211, 211–12 (5th Cir. 2016) (per curiam).

Smith-Garcia derives his argument from opinions by our sister circuits. In *United States v. Eskridge*, the Seventh Circuit held that a district court may not revoke a single term of supervised release and impose two terms in its stead. 445 F.3d 930, 934 (7th Cir. 2006). The Third and Eleventh Circuits have agreed in a different context. *United States v. Dillon*, 725 F.3d 362, 366–68 (3d Cir. 2013) (original sentence ordered one term of supervised release); *United States v. Starnes*, 376 F. App'x 942, 944–46 (11th Cir. 2010) (per curiam) (same). We have yet to consider the question. *See Bain*, 670 F. App'x at 211–12 (declining to reach the issue because the defendant could not demonstrate under plain error review that any error affected his substantial rights).

We need not decide this issue in this case. Assuming arguendo that Smith-Garcia is correct about the 2010 sentencing process, the district court sentenced Smith-Garcia to two terms of supervised release in 2005, one term in 2010, two terms in 2013, and two terms in 2017. Therefore, any challenge to the 2017 sentence is necessarily a challenge to the 2013 sentence. In other words, only if the two 2013 sentences were improper are the two 2017

sentences improper. He has already unsuccessfully challenged the 2013 proceedings, and thus he cannot collaterally attack them in this appeal, including on grounds not properly raised in prior proceedings.[1] *See United States v. Stiefel*, 207 F.3d 256, 259–60 (5th Cir. 2000) (holding that the defendant could not attack his current revocation sentence by seeking review of a prior sentence that he did not appeal). Consequently, because he cannot now challenge the 2013 sentences, he cannot challenge the 2017 sentences on this ground.

In any event, Smith-Garcia's argument fails because he has not shown plain error. An error can be plain only if it was "clear under current law," *United States v. Olano*, 507 U.S. 725, 734 (1993), and not "subject to reasonable dispute," *Puckett v. United States*, 556 U.S. 129, 135 (2009). First, as Smith-Garcia's briefing reflects, the effect of the 2010 judgment is unclear. The district court might have revoked and re-sentenced under Count Two or Count Eight or both; and if it did not revoke the supervised release on Count Eight in 2010, then there were still two terms in existence in 2013, not one. If the court instead should have revoked both terms under 18 U.S.C. § 3583(g)—a conclusion the record does not support[2]—then the court should have also re-sentenced Smith-Garcia to two prison terms. We cannot say for certain

---

[1] He did not raise this claim on direct appeal. We denied a certificate of appealability for this very argument in Smith-Garcia's 28 U.S.C. § 2255 petition for the 2013 judgment because it was newly raised on appeal. *United States v. Smith-Garcia*, No. 18-60022 (5th Cir. Jul. 18, 2019).

[2] Under § 3583(g), if the defendant commits certain drug or firearms violations, "the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment," subject to an exception in subsection (d). 18 U.S.C. § 3583(d), (g). In 2010, the violations charged included only one allegation involving drugs: one positive test for anabolic steroids. By contrast, for drug tests to trigger the mandatory revocation terms of § 3583(g) (subject to the subsection (d) exception), the statute requires "test[ing] positive for illegal controlled substances more than 3 times over the course of 1 year." *Id.* at § 3583(g)(4).

whether or how the district court erred, so any error was not clear or obvious. Moreover, we have yet to decide whether, following dual convictions and terms of supervised release, an intervening single term of supervised release may be thereafter followed by two sentences upon a subsequent revocation; most of our sister circuits also have not addressed this precise question. An error is not plain if it concerns a matter of first impression or requires an extension of precedent. *See United States v. Garcia-Gonzalez*, 714 F.3d 306, 318 (5th Cir. 2013).

In sum, we decline to grant relief to Smith-Garcia on this ground for the reasons stated above. We also find no merit to Smith-Garcia's other challenges. His motions for Judge Wingate to recuse—relying on Smith-Garcia's own writings, adverse rulings by the judge, unsubstantiated social-media posts, and the participation at some point in these proceedings of a former law clerk (who is not alleged to have worked on Smith-Garcia's case during his clerkship)—are frivolous. With respect to his other issues, the supervised-release violations are supported by ample evidence in the record, even excluding the portions that Smith-Garcia challenges as inadmissible. A missing written statement of reasons is not plain error here because the grounds for the district court's findings are apparent from the record. *See United States v. McCormick*, 54 F.3d 214, 220 (5th Cir. 1995). Nor is it unconstitutional to impose a conditional lifetime ban on internet and social-media access. *United States v. Halverson*, 897 F.3d 645, 657–58 (5th Cir. 2018) (holding that it does not violate the First Amendment to restrict a person under supervised release from accessing social media); *United States v. Duke*, 788 F.3d 392, 399–401 (5th Cir. 2015) (per curiam) (holding that only absolute, unconditional lifetime internet bans violate due process). We therefore affirm the substance of the district court's judgment.

No. 18-60021

We last address a clerical error.  The Government alleged in its amended petition that Smith-Garcia committed extortion under Mississippi Code § 97-3-82, but the judgment on revocation stated that he violated section 97-45-15(b), which does not exist.  We remand under Federal Rule of Criminal Procedure 36 for the limited purpose of correcting this error.  *See United States v. Gomez*, 548 F. App'x 221, 230 (5th Cir. 2013) (per curiam).

## III.    Conclusion

We AFFIRM the district court's judgment in all substantive respects, but we REMAND for the limited purpose of correcting the clerical error in the judgment.