# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 16, 2021

Lyle W. Cayce
Clerk

No. 20-10447
CONSOLIDATED WITH
NOS. 20-10448, 20-10449, 20-10454, 20-10456

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL AARON ALDRIDGE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 4:19-CR-292-1, 4:19-CR-289-1, 4:19-CR-290-1, 4:19-CR-291-1,
4:19-CR-293-1

Before OWEN, *Chief Judge*, and DAVIS and DENNIS, *Circuit Judges*.
PER CURIAM:*

Michael Aaron Aldridge appeals his revocation sentence. Aldridge asserts that his sentence exceeds the statutory maximum because the district

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10447

c/w Nos. 20-10448, 20-10449, 20-10454, 20-10456

court imposed five consecutive prison terms upon revoking a single term of supervised release. He also contends that his sentence is substantively unreasonable. We affirm the district court's judgment.

**I**

Aldridge pleaded guilty in the Middle District of Florida to four indictments and one bill of information charging a total of twelve unarmed bank robberies and attempted unarmed bank robberies. "[O]n each Count of conviction and in each case of conviction," Aldridge was sentenced to concurrent 87-month terms of imprisonment followed by concurrent three-year terms of supervised release. Aldridge's supervised release began in September 2018. In October 2019, the Middle District of Florida transferred jurisdiction over Aldridge's terms of supervised release to the Northern District of Texas, and that court docketed each term as a separate case, resulting in a total of five cases.

Later that month, Aldridge's probation officer filed a Report on Person Under Supervision in each of the five cases, alleging that Aldridge had violated his conditions of supervised release by using and possessing methamphetamine, failing to submit to drug testing, failing to attend substance abuse treatment, failing to report to the probation office, failing to reside at his reported address, failing to truthfully answer all inquiries made by the probation officer, failing to pay restitution, and associating with a convicted felon. Because Aldridge had checked himself into a drug-treatment program, however, the probation officer recommended that no immediate action be taken. The district court accepted the probation officer's recommendation.

In December 2019, Aldridge's probation officer filed a Petition for Person Under Supervision in each case, alleging that Aldridge had since committed additional violations of his supervised release by using and

No. 20-10447

c/w Nos. 20-10448, 20-10449, 20-10454, 20-10456

possessing methamphetamine, failing to submit to drug testing, failing to attend substance abuse counseling, and refusing to allow the probation officer into his residence.  In January 2020, the probation officer filed an addendum to these petitions, reporting that Aldridge had been arrested the previous month for theft of property.

On January 13, 2020, the district court held a revocation hearing regarding the petitions filed in each of Aldridge's five cases.  Aldridge pleaded true to the violations set forth in the December petitions.  Because Aldridge had been accepted into the Salvation Army's rehabilitation program, the district court imposed a sentence of three weeks' imprisonment—which Aldridge had already served, thus giving him an immediate release—and "an additional term of supervised release of 24 months."  The court entered five identical judgments, one in each case, imposing "a term" of three weeks in prison and "a term" of twenty-four months of supervised release.  The first page of each judgment listed all five case numbers, but subsequent pages referenced only a single case: 4:19-CR-289-O-1.  Neither the oral pronouncement of sentence nor the written judgment referred to concurrent terms of imprisonment or supervised release.

In March, Aldridge's probation officer filed five more Petitions for Person Under Supervision, one in each case, alleging that Aldridge had again violated his conditions of supervised release by being unsuccessfully discharged from the Salvation Army program and by failing to pay court-ordered restitution.

In May, the district court held a revocation hearing on the March petitions.  When the hearing began, the court advised Aldridge that the applicable revocation sentence was "prison for up to 2 years" and "an additional term of supervised release of 35 months and 9 days, less any

3

No. 20-10447

c/w Nos. 20-10448, 20-10449, 20-10454, 20-10456

sentence . . . receive[d] on this revocation." After Aldridge pleaded true to the violations, the court confirmed that Aldridge knew "the range of punishment is per case." The court then stated,

> [I]t is the judgment of the Court that Michael Aldridge in case No. 4:19-CR-289; 4:19-CR-290; 4:19-CR-291; 4:19-CR-0292; and 4:19-CR-293 be committed to the custody of the Federal Bureau of Prisons for a term of 14 months. This sentence shall run consecutive to each sentence in this case. I believe this is the appropriate sentence in this case. Mr. Aldridge has attempted to participate in both outpatient and inpatient treatment. The probation officer and the Court have attempted to help and accommodate him, but he has failed to take advantage of it and continues in this – in violation of the conditions and so I believe that this sentence is needed in this case to take advantage – to punish these violations that I have identified.

Defense counsel objected to the "total 70 month sentence" as "greater than necessary to comply with the statutory purposes." The court replied:

> Okay. And given the facts that lead up to the revocation here today, the attempt to get him out of prison earlier this year to get him into this treatment and then his conduct in relation to those attempts, I believe that this is the appropriate sentence and satisfied the statutory factors and any less sentence would not satisfy those statutory factors. So that objection is overruled.

The court entered five separate but identical judgments, one per case. Each judgment provided that Aldridge was to be imprisoned "for a term of 14 months, consecutive to each other for a total of" 70 months. Aldridge filed five timely notices of appeal.

No. 20-10447
c/w Nos. 20-10448, 20-10449, 20-10454, 20-10456

**II**

First, Aldridge contends that his aggregate 70-month sentence exceeds the statutory maximum because the district court erroneously imposed multiple consecutive prison terms upon revoking a single term of supervised release. He did not raise this objection in the district court, and we review this unpreserved claim for plain error.[1] To establish plain error, Aldridge "must demonstrate (1) an error (2) that is 'clear or obvious' and that (3) 'affected [his] substantial rights.'"[2] If he makes this showing, "we may exercise our discretion to correct the error only if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'"[3]

Relying on cases from our sister circuits,[4] Aldridge claims that the district court erred by imposing multiple consecutive prison terms upon revoking one "term" of supervised release. The Government counters that the district court did not revoke a single supervised release term; rather, it revoked five concurrent terms of supervised release, then permissibly

---

[1] *See United States v. Smith-Garcia*, 802 F. App'x 822, 824-25 (5th Cir. 2020) (per curiam) (explaining that "[w]e generally review de novo the question whether a specific sentence exceeds the statutory maximum, even if not raised below," but if the issue "involves the question of whether the district court could impose [multiple] sentences (derived from [multiple] convictions and terms of supervised release) rather than one, we review [such] unpreserved argument for plain error"); *United States v. Bain*, 670 F. App'x 211, 211 (5th Cir. 2016) (per curiam) (reviewing for plain error a defendant's unpreserved claim that "the district court plainly erred by imposing two consecutive 24-month terms of imprisonment because, after the . . . revocation, there was only one term of supervised release for the district court to revoke").

[2] *United States v. Omigie*, 977 F.3d 397, 402 (5th Cir. 2020) (alteration in original) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

[3] *Id.* (quoting *Puckett*, 556 U.S. at 135).

[4] *See United States v. Eskridge*, 445 F.3d 930, 935 (7th Cir. 2006); *United States v. Dillon*, 725 F.3d 362, 368 (3d Cir. 2013); *United States v. Starnes*, 376 F. App'x 942, 946 (11th Cir. 2010) (per curiam).

No. 20-10447

c/w Nos. 20-10448, 20-10449, 20-10454, 20-10456

imposed five consecutive prison terms.[5] The parties' positions raise a factual question: did the district court revoke one term of supervised release, or five concurrent terms?

Even accepting Aldridge's factual stance—and assuming arguendo that the district court revoked a single supervised release term and imposed five consecutive prison terms in its stead—Aldridge's claim fails. Under the second prong of plain-error review, Aldridge must demonstrate an error that is plain, i.e., "clear or obvious."[6] As the Government correctly notes, this court "ordinarily do[es] not find plain error when we have not previously addressed an issue."[7] In a handful of unpublished cases, we have expressly declined to address whether a district court errs by imposing multiple prison terms upon revoking a single term of supervised release.[8] Indeed, in several of these cases, we held that the defendant could not demonstrate plain error because we have not yet determined whether revocation of a single term of supervised release followed by imposition of multiple terms of imprisonment

---

[5] *See United States v. Gonzalez*, 250 F.3d 923, 929 (5th Cir. 2001) (holding that a district court may impose multiple consecutive terms of imprisonment when revoking multiple concurrent terms of supervised release).

[6] *Omigie*, 977 F.3d at 402 (quoting *Puckett*, 556 U.S. at 135).

[7] *United States v. Cabello*, 916 F.3d 543, 544 (5th Cir. 2019) (per curiam) (internal quotation marks omitted) (quoting *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009)).

[8] *See United States v. Bain*, 670 F. App'x 211, 211-12 (5th Cir. 2016) (per curiam); *United States v. Hammons*, 690 F. App'x 217, 218 (5th Cir. 2017) (per curiam); *United States v. Smith-Garcia*, 802 F. App'x 822, 825-26 (5th Cir. 2020) (per curiam).

No. 20-10447

c/w Nos. 20-10448, 20-10449, 20-10454, 20-10456

is erroneous.[9] Accordingly, Aldridge has not shown an error that is "obvious under existing law," and his claim thus fails our plain-error review.[10]

## III

Aldridge also challenges his revocation sentence as substantively unreasonable. Because Aldridge preserved this issue,[11] we review his sentence under the "plainly unreasonable" standard.[12] Under that standard, we first "ensure that the district court committed no significant procedural error, such as failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."[13] If the sentence is procedurally sound, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."[14] "A sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors."[15] "Our review for substantive reasonableness is highly deferential, because the sentencing court is in a better position to find facts and judge

[9] *See Hammons*, 690 F. App'x at 218; *Smith-Garcia*, 802 F. App'x at 825-26.

[10] *United States v. Foley*, 946 F.3d 681, 688 (5th Cir. 2020) (quoting *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011)).

[11] *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020) (holding that a defendant preserves a claim that his sentence is substantively unreasonable by "advocat[ing] for a sentence shorter than the one ultimately imposed").

[12] *Foley*, 946 F.3d at 685 (quoting *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013)).

[13] *Id.* (quoting *Warren*, 720 F.3d at 326).

[14] *Id.* (internal quotation marks omitted) (quoting *United States v. Winding*, 817 F.3d 910, 913 (5th Cir. 2016)).

[15] *Id.* (internal quotation marks omitted) (quoting *Warren*, 720 F.3d at 332).

their import under the § 3553(a) factors with respect to a particular defendant."[16] Accordingly, "[t]he fact that the appellate court might have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."[17]

## A

Aldridge does not challenge the May revocation sentence's procedural soundness. He does assert, however, that his sentence was "greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)," and was thus substantively unreasonable in several regards. First, he contends that the sentence does not account for the need to avoid unwarranted sentencing disparities.

This argument fails. While the revocation statute does direct a district court to consider the need to avoid unwarranted sentencing disparities,[18] this factor refers to disparities between defendants who are "similarly situated."[19] Although Aldridge cites to other sentences the district court imposed around the time of his own revocation sentence, he fails to explain how these defendants were similarly situated. The cases Aldridge cites involved the imposition of a six-month prison sentence upon revocation of

---

[16] *United States v. Lavalais*, 960 F.3d 180, 189 (5th Cir. 2020) (internal quotation marks omitted) (quoting *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015)).

[17] *Gall v. United States*, 552 U.S. 38, 51 (2007).

[18] *See* 18 U.S.C. § 3583(e) (directing a court imposing a revocation sentence to consider 18 U.S.C. § 3553(a)(6), which in turn refers to the need to avoid sentencing disparities).

[19] *United States v. Waguespack*, 935 F.3d 322, 337 (5th Cir. 2019); *see* 18 U.S.C. § 3553(a)(6) (directing the court to consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct").

No. 20-10447

c/w Nos. 20-10448, 20-10449, 20-10454, 20-10456

supervised release for one count of conspiracy to transport illegal aliens,[20] a six-month prison sentence upon revocation of supervised release for one count of conspiracy to pass and utter counterfeit currency,[21] and consecutive prison sentences totaling 18 months upon revocation of supervised release for one count of bank fraud and one count of aggravated identity theft.[22] Because the cited cases do not involve defendants with similar records convicted of similar conduct,[23] they are inapposite comparisons. Aldridge's argument that the district court failed to avoid sentencing disparities is thus unavailing.

## B

Second, Aldridge contends that his sentence gave significant weight to several improper factors—namely, the seriousness of the offense, the need to promote respect for the law, and the need to provide just punishment.

The revocation statute directs a district court imposing a revocation sentence to consider certain § 3553(a) factors, including the non-binding policy statements contained in Chapter 7 of the Sentencing Guidelines.[24]

---

[20] *See* Judgment Revoking Probation/Supervised Release as to Rogelio Almendarez, United States v. Almendarez, No. 4:19-cr-00378-O-1 (N.D. Tex. May 4, 2020), ECF No. 17.

[21] *See* Judgment Revoking Probation/Supervised Release as to Kedryon James, United States v. Cathey, No. 4:18-cr-00162-O-4 (N.D. Tex. May 4, 2020), ECF No. 322.

[22] *See* Judgment Revoking Probation/Supervised Release as to Jeffrey Michael Schutrop, United States v. Schutrop, No. 4:19-cr-00330-O-1 (N.D. Tex. Mar. 16, 2020), ECF No. 17.

[23] *See* 18 U.S.C. § 3553(a)(6) (directing the court to consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct").

[24] *See* 18 U.S.C. § 3583(e) (directing the court to consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)"); *United States v. Mathena*, 23 F.3d 87, 90-93 (5th Cir. 1994) (holding that "when a court

9

No. 20-10447

c/w Nos. 20-10448, 20-10449, 20-10454, 20-10456

The court may not, however, consider those § 3553(a) factors that are omitted from the revocation statute.[25]  Specifically, the court may not consider the need for the revocation sentence to "reflect[] the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."[26]  However, the court's consideration of these retributive factors does not always render a revocation sentence unreasonable.  Rather, "a sentencing error occurs when an impermissible consideration is a dominant factor in the court's revocation sentence, but not when it is merely a secondary concern or an additional justification for the sentence."[27]

Here, retribution was not the dominant factor in Aldridge's revocation sentence, although it does appear to have been an additional justification.  By explicitly citing the need to "punish" Aldridge for his repeated violation of supervised release conditions, the revocation sentence did "t[ake] account of retribution."[28]  However, this "[m]ere *mention* of impermissible factors" did not "constitute reversible error," because retribution was secondary to other legitimate justifications for the sentence.[29]  The court concluded that "any less sentence would not satisfy [the] statutory factors," and its explanation of the sentence implicitly reflects several

---

sentences a defendant upon revoking his supervised release . . . the policy statements of Chapter 7 are advisory only").

[25] *See United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011).

[26] *Id.* (internal quotation marks omitted) (quoting 18 U.S.C. § 3553(a)(2)(A)).

[27] *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015) (citing *United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014)).

[28] *United States v. Sanchez*, 900 F.3d 678, 684 (5th Cir. 2018); *see also id*. at 683 n.3 (noting that, while § 3553(a)(2)(A) refers to the need to provide just punishment for "the offense," this court "implicitly has understood [the phrase] to mean the conduct that constituted the violation of the conditions of supervised release").

[29] *Id.* at 684 n.5.

10

No. 20-10447

c/w Nos. 20-10448, 20-10449, 20-10454, 20-10456

relevant statutory considerations.  The district court discussed Aldridge's drug addiction and multiple failed attempts to obtain treatment, as well as his pattern of noncompliance with the terms of his supervised release.  These statements relate to "the nature and circumstances of the offense and the history and characteristics of the defendant," the need to "afford adequate deterrence to criminal conduct [in the form of drug use]," and the need to "sanction . . . the defendant's breach of trust."[30]  Accordingly, while the district court may have considered retribution as an additional justification for the sentence, other permissible statutory factors were dominant.  Therefore, Aldridge's contention that the court gave significant weight to retribution fails.

## C

Third, Aldridge claims that his sentence reveals the district court's clear error of judgment in balancing the various sentencing factors.  This argument is premised on his earlier claims that the district court failed to consider the need to avoid sentencing disparities and gave significant weight to improper retributive factors.  But as explained above, the district court did not err in either regard, so this claim fails as well.  Further, as noted

---

[30] *See* 18 U.S.C. § 3583(e) (directing a court to consider certain § 3553(a) factors); 18 U.S.C. §§ 3553(a)(1) ("the nature and circumstances of the offense and the history and characteristics of the defendant"), (a)(2)(B) (the need to "afford adequate deterrence"), (a)(4)(B) ("the applicable . . . policy statements issued by the Sentencing Commission"); U.S. Sent'g Guidelines Manual ch. 7, pt. A, cmt. 3(b) (U.S. Sent'g Comm'n 2018) ("at revocation the court should sanction primarily the defendant's breach of trust"); *see also United States v. Mata*, 806 F. App'x 310, 311-12 (5th Cir. 2020) (per curiam) (holding that a district court's expressions of "exasperation with the [defendant's] supervised release violations" implied not a desire to punish the defendant, but a reliance on several proper factors, including the nature and circumstances of the repetitive violations, the defendant's history and characteristics (including longstanding drug addiction and frequent relapses), and the need for deterrence after previous lenient revocation sentences were insufficient to achieve compliance).

No. 20-10447

c/w Nos. 20-10448, 20-10449, 20-10454, 20-10456

previously, the court described the sentence as necessary to "satisf[y] the statutory factors" after noting Aldridge's drug addiction, various failed attempts to obtain treatment, and repeated violations of his supervision conditions. These statements imply that the court considered and weighed relevant factors such as "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need to "afford adequate deterrence."[31] Given our "highly deferential" review,[32] as well as the Supreme Court's admonishment that appellate courts must not reweigh the sentencing factors,[33] we cannot conclude that the district court committed a clear error of judgment in balancing the sentencing factors. In sum, Aldridge's claim that his sentence is substantively unreasonable fails.

*    *    *

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[31] 18 U.S.C. §§ 3553(a)(1), (a)(2)(B).

[32] *United States v. Lavalais*, 960 F.3d 180, 189 (5th Cir. 2020).

[33] *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Hinojosa-Almance*, 977 F.3d 407, 412 (5th Cir. 2020).